

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 13-CR-1789-1-LAB-WVG |
| Plaintiff, | ) | |
| v. | ) | REPORT AND |
| | ) | RECOMMENDATION DENYING |
| MAKARA DAUNG, | ) | IN TOTAL CRIMINAL JUSTICE |
| | ) | ACT VOUCHER FOR ATTORNEY |
| Defendant. | ) | WILLIAM BROWN |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## I. **INTRODUCTION**

The Criminal Justice Act ("CJA") voucher system is built and survives on trust. Trust that the attorneys will honestly and fairly report their time, costs, and expenses and only perform that work which reasonably should be performed to effectively and zealously represent their clients. Trust that the Judges reviewing the CJA voucher will do so fairly, expeditiously, and not engage in arbitrary second-guessing, Monday morning quarter-backing, or "I could have done it in less time" judgment calls. Without reciprocal trust, the CJA voucher system will lose credibility and efficiency. Judges will find it necessary to scrutinize even more closely than is already the case the voucher submissions of more and more attorneys, thus imposing a greater administrative burden on judges than is necessary and, in the process, slowing down the disbursement of payment to those attorneys.

Attorneys, especially those who are submitting timely, accurate, and reasonable vouchers, may feel slighted by the constant and seemingly unjustified judicial scrutiny of their professional integrity. Attorneys may also begin to experience a financial strain created by increasingly longer delays in receiving payment. Judges may begin to distrust attorneys, and legitimate requests for pre-approval of funds for experts and investigative expenses may be denied or delayed. Similarly, qualified attorneys may withdraw from participation on the CJA panel or simply not apply believing the "hassle" just is not worth it.

Occasionally, however, there comes a time when the voucher submission of an attorney is called into question as is the case here. The Honorable Larry A. Burns, United States District Judge, referred Mr. William Brown's CJA voucher submission to this Court for review. While trust is the hallmark of the CJA voucher system, as President Ronald Reagan so famously quipped in 1987 when signing the Intermediate-Range Nuclear Forces Treaty ("INF") with the Soviet Union, "trust, but verify." This is what the Court has attempted to do with Mr. Brown, verify the voucher entries he has submitted. But, as is described in detail below, the Court's efforts to verify have been unsuccessful.

## II. CHRONOLOGY

On Monday, August 26, 2013, Mr. Brown submitted a CJA voucher to Judge Burns for the case of USA v. Daung, 13-CR-1789-LAB-WVG. On Wednesday, August 28, 2013, Judge Burns referred the voucher to this Court via a handwritten note, calling into question the overall amount of the voucher, as well as several specific line items in the voucher. Judge Burns requested that this Court verify the entries and obtain justification for the amounts.

On Friday, August 30, 2013, this Court began to informally request information from Mr. Brown via email. The Court requested the documentation to be submitted no later than September 13, 2013. At the time, Mr. Brown was involved in a protracted trial before the Honorable Irma E. Gonzalez, United States District Judge, so the Court understandably allowed Mr. Brown some flexibility and leeway in providing the requested documentation.

On Thursday, September 5, 2013, the undersigned's law clerk emailed Mr. Brown to follow up on the August 30, 2013, email. Mr. Brown called chambers and notified the Court that the August 30, 2013, email was sent to an address that he uses only for CM/ECF documents. Mr. Brown provided a direct email address and a phone number. On September 5, 2013, the clerk received an email from Mr. Brown stating that he had stopped by the undersigned's courtroom that day during the Court's criminal calendar, but the undersigned was taking a plea at that time. Mr. Brown also stated that he would follow up again shortly.

On Monday, September 9, 2013, the clerk emailed Mr. Brown to inform him that, if needed, this Court would allow him additional time to prepare the requested information for the Court's review. The clerk asked that Mr. Brown let the Court know if additional time was needed due to his trial, and if so, how much time he would need. On Tuesday, September 10, 2013, the clerk called Mr. Brown. Mr. Brown said that he hoped to have a package to the Court by either September 11 or September 12, 2013. He said that additional time was not necessary, and he would meet the Court's September 13, 2013, deadline.

Mr. Brown failed to produce the requested documentation by September 13, 2013. On Monday, September 16, 2013, the clerk emailed Mr. Brown again to follow up on the requested information. That day, the clerk received an email response from Mr. Brown stating that the trial before Judge Gonzalez had accelerated, and he was still in the process of putting together the information that the Court had requested.

On Thursday, September 26, 2013, the clerk received another email from Mr. Brown stating that the case before Judge Gonzalez would likely be given to the jury that day. Mr. Brown requested to meet with the undersigned the following week, and said that he would provide the Court with the requested documentation "well in advance of the meeting." The Court never agreed to meet with Mr. Brown and informed him that the first step was to submit the documentation.

On Wednesday, October 2, 2013, jury verdicts were returned in the trial before Judge Gonzalez. The Court contacted Mr. Brown during the week of September 30, 2013. Mr.

1    Brown informed the Court that the trial had concluded, and stated that he would provide the
2    requested documentation by the end of that week.

3        During the week of October 7, 2013, the Court unsuccessfully attempted to contact
4    Mr. Brown.  On October 10, 2013, the clerk emailed Mr. Brown to follow up on the
5    requested documentation.  On October 18, 2013, this Court issued a formal Order, filed on
6    CM/ECF, ordering Mr. Brown to provide the CJA voucher documentation to the Court by
7    October 25, 2013.  (Doc. No. 35.)  On October 25, 2013, the date that the documents were
8    due, Mr. Brown called the Court and said that he had just received the Order.  He said that
9    he would try to get the documentation to the Court by the end of that day, or on Monday,
10   October 28, 2013.

11       On Friday, November 1, 2013, this Court issued an Order to Show Cause because Mr.
12   Brown failed to provide any documentation by the October 25, 2013, deadline, or even by
13   Mr. Brown's unilaterally extended deadline of October 28, 2013.  (Doc. No. 36.)  In the
14   OSC, the Court ordered Mr. Brown to provide the requested documentation by November
15   8, 2013.  Id. at 2.  He was also ordered to file a Response to the OSC, explaining in detail the
16   reasons for his failure to deliver the requested documentation, as well as his non-compliance
17   with this Court's October 18, 2013, Order.  Id.

18       On Monday, November 4, 2013, the clerk emailed Mr. Brown to make sure that he
19   received the Court's OSC.  The OSC was also attached to the email.  That same day, Mr.
20   Brown responded by email that he had received the OSC.  However, Mr. Brown did not
21   provide a Response to the OSC, despite this Court's Order to do so by November 8, 2013.
22   (Doc. No. 36 at 2.)

23       On November 18, 2013, Mr. Brown appeared in Court for the OSC Hearing.  At Mr.
24   Brown's request, he spoke privately with the undersigned in chambers before going on the
25   record in the courtroom.  On the record, the Court *sua sponte* continued the OSC Hearing
26   and extended the deadline for Mr. Brown to lodge the requested documentation with the
27   Court until Monday, December 2, 2013.  This date was set with Mr. Brown's full input and
28   unequivocal representation that it gave him sufficient time to assemble the necessary

1  documentation. That same day, the Court issued an Order setting the December 2, 2013,
2  deadline. (Doc. No. 37.) It is now December 12, 2013, ten days past the extended deadline,
3  and still no documents have been submitted, nor has the Court received any communication
4  from Mr. Brown with an explanation.

5  ### III. LEGAL DISCUSSION

6      In evaluating a request for fees, the reviewing Court must determine the reasonable-
7  ness of the work conducted and fees requested. 18 U.S.C. § 3006A(D)(1) ("Attorneys may
8  be reimbursed for expenses reasonably incurred"); In re Smith, 586 F.3d 1169, 1175 (9th Cir.
9  2009) (in evaluating CJA applications, the issue is "not 'what hours were *actually* expended,'
10  but 'what hours were *reasonably* expended completing work necessary for adequate
11  representation"). According to the Guidelines for the Administration of the Criminal Justice
12  Act, the Court must use the following criteria to evaluate what is necessary to provide the
13  attorney fair compensation: responsibilities involved measured by the magnitude and
14  importance of the case; manner in which duties were performed; knowledge, skill, efficiency,
15  professionalism, and judgment required of and used by counsel; nature of counsel's practice
16  and injury thereto; any extraordinary pressure of time or other factors under which services
17  were rendered; and any other circumstances relevant and material to a determination of a fair
18  and reasonable fee. Guide to Judiciary Policies and Procedures, Guidelines for the
19  Administration of the Criminal Justice Act, Volume VII, Section A, Chapter II, 2.22(B)(3)
20  (March 23, 2005).

21      "Attorneys seeking compensation have the burden of providing sufficient details to
22  support the contention that a case is more complex or time-consuming than the average
23  case." Id; citing United States v. Carnevale, 624 F.Supp. 381, 386 (D.R.I. 1985). "This
24  burden also exists with regard to the reasonableness of hours provided." Id. "Broad
25  categories such as 'legal research' or 'interviews' or 'other services' cannot be found to have
26  been reasonably expended unless counsel's supporting memorandum furnishes sufficiently
27  detailed descriptions of services to warrant that finding." Id. at 309; citing United States v.
28  Thompson, 361 F.Supp. 879, 884 (D.D.C. 1973). "Counsel is entitled to be paid only for

1  hours that are necessary for reasonably diligent, conscientious, and competent representa-
2  tion." Id. citing United States v. Kilroy, 563 F.Supp. 304, 306 (E.D. Wis. 1983).

3                                   **IV. CONCLUSION**

4          To date, the Court has not received any documentation from Mr. Brown, nor has he
5  contacted the Court to explain his reasons for missing the latest deadline.  The Court
6  originally gave Mr. Brown a deadline of September 13, 2013, to submit the requested
7  documentation.  Nearly two months later, the Court has not received any documentation
8  from Mr. Brown.   The Court tried to resolve the matter informally at first.  When this did
9  not work, the Court resorted to a more formal resolution process.  This did not work either.
10  The Court is at a loss to explain Mr. Brown's complete failure to support his voucher
11  submission and will not speculate as to the reasons.  Mr. Brown has had plenty of time and
12  more than sufficient opportunity to submit the requested justifying documentation.  The
13  burden is on Mr. Brown to support his voucher.  Without any support whatsoever for even
14  one entry, let alone all of them, the Court has only one option.  Accordingly, the Court
15  hereby RECOMMENDS to the Honorable Larry A. Burns, that Mr. Brown's CJA voucher
16  for the case of USA v. Daung, 13-CR-1789-LAB-WVG, be DENIED in total.

17          This Report and Recommendation will be submitted to Judge Burns, pursuant to the
18  provisions of 28 U.S.C. § 636(b)(1)(1988) and Federal Rule of Civil Procedure 72(b).

19          IT IS ORDERED that no later than **January 2, 2014**, Mr. Brown may file written
20  objections with the Court.  The document shall be captioned "Objections to Report and
21  Recommendation."  Requests for an extension will not be permitted, and if requested, will
22  be denied.  Failure to file objections within the specified time may waive the right to raise
23  //
24  //
25  //
26  //
27  //
28

1 | those objections on appeal of the Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
2 | 1991).
3 | IT IS SO RECOMMENDED.
4 | DATED: December 12, 2013
5
6
7 | Hon. William V. Gallo
8 | U.S. Magistrate Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13CR1789